UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE KIRK,

    Petitioner,

v.      Case No. 2:06-cv-89
    HON. ROBERT HOLMES BELL

DAVID L. BERGH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Theodore Kirk filed this petition for writ of habeas corpus, challenging the validity of his state court conviction. Petitioner was convicted of first degree murder and first degree felony murder after a jury trial. On October 18, 2002, petitioner was sentenced as a third habitual offender to a prison term of life without the possibility of parole.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

    I. The due process clause of the federal Constitution was violated when the evidence at trial was insufficient to sustain a conviction of first degree murder.

> II. Due process was violated when the trial judge failed to grant the appellant's motion for new trial in light of the evidence being insufficient to support the convictions.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In that case, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find

- 2 -

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that there existed insufficient evidence at trial to support his first degree murder conviction and that he is entitled to a new trial. The Michigan Court of Appeals rejected petitioner's claim explaining:

> In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 7220723; 597 NW2d 73 (1999).

- 3 -

"In order to convict a defendant of first-degree murder, the prosecution must prove that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *People v Kelly*, 231 Mich App 627, 642; 588 NW 2d 480 (1998). Premeditation and deliberation may be proven by (1) the previous relationship between the defendant and the victim, (2) the defendant's actions before and after the killing, and (3) the particular circumstances of the killing. *People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1998).

Defendant told numerous witnesses that he killed the victim. According to the testimony at trial, defendant stated that he threw the victim down a set of stairs and was interrupted when his neighbor knocked on his door. Defendant answered the door, got rid of his neighbor, took the victim back up the stairs, and continued to beat her. He then threw the victim over the fence in the back of the house. Defendant then had to run back into the house to answer the door again. Upon returning to the victim, defendant noticed that she was gasping for air, so he jumped on her head. Defendant clearly had sufficient time to take a second look and reconsider what he was doing.

Moreover, after the killing, defendant hid the victim's body and the van in which he had transported it, and he took money out of the victim's purse and pocket to make it look like she had been robbed. A defendant's attempts to conceal a killing can be used as evidence of premeditation. *People v Gonzalez*, 468 Mich 636, 641; 664 NW2d 159 (2003).

Viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence for the jury to convict defendant of first-degree premeditated murder.

Defendant also argues that the trial court erred by denying his motion for a new trial. Under MCR 2.611(A)(1)(e), a trial court may grant a motion for a new trial if a verdict is against the great weight of the evidence. Such a motion should be granted only when the evidence preponderates so heavily against the verdict that it would be a serious miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). Moreover, "absent exceptional circumstances, issues of witness credibility are for the jury[.]" *Id*. No exceptional circumstances are present here. The evidence in this case does not preponderate so heavily against the verdict that a miscarriage of justice would result if the verdict was allowed to stand. *Id*. The court did not abuse its discretion in

>denying the motion for a new trial. *See People v Daoust*, 228 Mich App 1, 17; 577 NW2d 179 (1998) (setting forth the standard of review).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has failed to establish that there was insufficient evidence presented at trial to support his conviction or that he is entitled to a new trial. Therefore, the undersigned recommends that the court

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                /s/ Timothy P. Greeley  
                TIMOTHY P. GREELEY  
                UNITED STATES MAGISTRATE JUDGE

Dated:  October 14, 2008