UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE KIRK,

        Petitioner,           FILE NO. 2:06-CV-89

v.                                  HON. ROBERT HOLMES BELL

DAVID L. BERGH,

        Respondent.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #28). The matter presently is before the Court on Petitioner's objections to the R&R (docket #31). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this Court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## II.

In his application for habeas review, Petitioner challenged the sufficiency of the evidence upon which the jury determined that he possessed the necessary intent to support a conviction of first-degree premeditated murder. Petitioner objects that, in concluding that the state court reasonably applied clearly established Supreme Court precedent, the Magistrate Judge failed to consider the totality of the evidence present in the record.

2

As the Magistrate Judge observed, a § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

Under Michigan law, "[t]o convict a defendant of first-degree premeditated murder, the prosecution is required to prove that the defendant intentionally killed the victim and that the killing was premeditated and deliberate." *People v. Anderson*, 531 N.W.2d 780, 786 (Mich. Ct. App. 1995). "'[S]ome time span between [the] initial homicidal intent and ultimate action is necessary to establish premeditation and deliberation.'" *People v. Gonzalez*, 664 N.W.2d 159, 163 (Mich. 2003) (quoting *People v. Tilley*, 273 N.W.2d 471, 473 (Mich. 1979)). While the minimum time necessary to form the requisite intent is incapable of exact determination, premeditation and deliberation require sufficient time to allow the defendant

3

to take a second look. *Tilley*, 273 N.W.2d at 473-74. Where a killing arises from a fight, there must be evidence of "'a thought process undisturbed by hot blood'" to prove first-degree murder. *People v. Plummer*, 581 NW2d 753, 758 (Mich. Ct. App. 1998) (quoting *People v. Morrin*, 187 NW2d 434, 449 (Mich. Ct. App. 1971)). Circumstantial evidence and any reasonable inferences that can be drawn from the evidence may be sufficient to prove the elements of the crime. *People v. Abraham*, 234 Mich.App 640, 656; 599 NW2d 736 (1999).

The Magistrate Judge recited the evidence relied upon by the Michigan Court of Appeals in rejecting the claim on direct appeal. That evidence included the testimony of multiple witnesses to whom Petitioner had admitted killing the victim. The evidence indicated that Petitioner's assault of the victim was twice interrupted by Petitioner's need to answer the door. Notwithstanding these interruptions, Petitioner twice returned to his victim to continue his beating. On the last occasion, while the victim was gasping for air, Petitioner jumped on her head. As the Michigan Court of Appeals held, the interruptions created multiple opportunities for Petitioner "to take a second look and reconsider what he was doing." (4/20/04 Mich. Ct. App. Op. (MCOA Op.) at 2, docket #21.) In addition, as the state court noted, after the killing, "defendant hid the victim's body and the van in which he had transported it, and he took money out of the victim's purse and pocket to make it look like she had been robbed." (MCOA Op. at 2.) The Michigan courts recognize that a defendant's attempts to conceal a killing can be used as evidence of premeditation. *See Gonzalez*, 664 N.W.2d at 163.

In his objections, Petitioner does not dispute these facts. Instead, he focuses on other facts indicating that Petitioner had not been expecting the victim to arrive at his house and that Petitioner had been drinking at the time. He also asserts that a disparity in the testimony of two pathologists at trial concerning the precise cause of death and cast doubt on whether Petitioner formed the requisite intent to kill.

The existence of these other circumstantial facts did not require a jury to believe that Petitioner was acting in the heat of passion at the time of the killing. Nor do they undercut the state court's and the Magistrate Judge's conclusions that ample evidence existed for a reasonable jury to determine beyond a reasonable doubt that Petitioner premeditated and deliberated. *Jackson*, 443 U.S. at 319. The state court's determination constituted an entirely reasonable application of established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of

appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A judgment consistent with this opinion shall be entered.


Dated: June 9, 2009                               /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE

6